F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

C. ELI-JAH HAKEEM
MUHAMMAD, a/k/a Christopher
Hijrah Mitchell,

      Petitioner - Appellant,

v.

R. A. HOOD, ADX-Warden,

      Respondent - Appellee.

No. 04-1002
(D.C. No. 03-Z-1935)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

C. Eli-jah Hakeem Muhammad ("Petitioner") is a prisoner in custody of the

United States Bureau of Prisons at ADX Florence. On February 11, 2002,

Petitioner was transferred to a less restrictive unit of the prison as part of the

"Step-Down Program." The next day, he used the duress button in his cell to call

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a correctional officer to determine who was responsible for transporting his property to his current unit. Petitioner was charged with violating Prohibited Act Code (PAC) No. 319, which prohibits "[u]sing any equipment or machinery contrary to instructions or posted safety standards." He was provided written notice of that charge. On February 14, Petitioner appeared before the Unit Disciplinary Commission (UDC), was found guilty of the prohibited act, and was moved back to the more restrictive unit for an additional year.

Petitioner, appearing *pro se* and *in forma pauperis*,[1] filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the disciplinary action. The district court dismissed his petition, and this appeal followed. Petitioner asserts that he was deprived of due process because he was unaware that his conduct violated PAC No. 319 and because there was insufficient evidence to find Petitioner guilty of the violation.

The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property. Meachum v. Fano, 427 U.S. 215, 223 (1976). Transferring a prison inmate to a more restrictive prison environment ordinarily does not deprive the inmate of liberty. Id. at 225. However, an inmate may be deprived of liberty if subjected to a restraint that "imposes atypical and

---

[1]Based on our review of Petitioner's financial declarations, we grant his motion to proceed *in forma pauperis* on appeal. See 28 U.S.C. § 1915(a)(1).

significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). In Sandin v. Conner, the Supreme Court held that a prisoner who was sentenced to 30 days in disciplinary segregation had not demonstrated a liberty interest protected by the Due Process Clause. Id. at 475-76, 486. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485.

In this case, Petitioner has not demonstrated that his move from a less restrictive to a more restrictive unit was an "atypical and significant hardship." Petitioner was not placed in special confinement, see Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002), but rather remained in a general prison population, albeit in a more restrictive classification. Thus, Petitioner fails to allege an "atypical and significant hardship." In addition, there is no evidence that the change in the nature of Petitioner's confinement affected the length of his confinement. Accordingly, Petitioner has demonstrated no liberty interest protected by the Due Process Clause.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge